[Cite as *State v. Thebeau*, 2014-Ohio-5598.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                         Court of Appeals Nos. OT-14-017

       Appellee

Trial Court Nos. 13CR178

v.

Paul N. Thebeau, III                          **DECISION AND JUDGMENT**

       Appellant                                   Decided:  December 19, 2014

* * * * *

Mark Mulligan, Ottawa County Prosecuting Attorney, Joseph H. Gerber,
Assistant Prosecuting Attorney, for appellee.

Howard C. Whitcomb, III, for appellant.

* * * * *

**SINGER, J.**

## I.  Introduction

{¶ 1} Appellant, Paul Thebeau, III., appeals the judgment of the Ottawa County

Court of Common Pleas, sentencing him to 14 years in prison upon acceptance of

appellant's guilty plea to one count of aggravated robbery and one count of intimidation of a witness. We affirm.

## A. Facts and Procedural Background

{¶ 2} This matter arises as a result of a robbery that occurred in Oak Harbor, Ottawa County, Ohio, on December 5, 2013. On that date, appellant, along with three co-defendants, forced his way into a house belonging to James Edens, Jr. At the time, James was present with his sons Jimmy Edens, Ryan DeVincent, and Kevin Edens. Jimmy was with appellant earlier in the evening. Appellant, along with his co-defendants, believed that Jimmy had stolen a pack of cigarettes and $25 from them.

{¶ 3} Upon entering the home, a physical altercation ensued wherein a co-defendant, Cody McClanahan, began punching James and threw him to the ground. After assaulting James, McClanahan turned his attention to Jimmy. Both James and Jimmy were subsequently treated at a local hospital.

{¶ 4} In addition to the physical altercation involving James and Jimmy, appellant and his co-defendants also threatened Ryan and Kevin, who were upstairs at the time. Appellant threatened to harm Ryan and Kevin and their family if they told police of the incident. On their way out of the home, appellant and his co-defendants stole 30 DVDs from the residence.

{¶ 5} As a result of the December 5 incident, appellant was indicted on two counts of aggravated burglary in violation of R.C. 2911.11(A), four counts of aggravated robbery in violation of R.C. 2911.01(A)(1), and four counts of intimidation of a witness

2.

in violation of R.C. 2921.04(B). Appellant initially entered a plea of not guilty at his arraignment on December 13, 2013. Two weeks later, appellant's court-appointed counsel filed a motion to withdraw. The court subsequently appointed new counsel on January 8, 2014. Appellant's second court-appointed counsel also filed a motion to withdraw on February 20, 2014, citing a breakdown in the attorney-client relationship. Following a hearing, the trial court denied the motion.

{¶ 6} On March 5, 2014, appellant entered a plea of guilty to one count of aggravated robbery and one count of intimidation of a witness. Pursuant to a plea agreement, the remaining charges were dismissed. The matter was continued for sentencing and a presentence investigation report was ordered and prepared.

{¶ 7} On April 28, 2014, a sentencing hearing was held, and the trial court imposed the maximum sentence on each count, consisting of eleven years in prison for aggravated robbery and three years in prison for intimidation of a witness. The court ordered the sentences served consecutively. Further, the court ordered appellant to pay the costs of prosecution and restitution. Appellant's timely appeal followed.

## B. Assignments of Error

{¶ 8} On appeal, appellant assigns the following errors for our review:

I. THE TRIAL COURT ERRED IN IMPOSING A FOURTEEN (14) YEAR SENTENCE UPON DEFENDANT-APPELLANT IN THAT IT DID NOT COMPLY WITH THE REQUIREMENTS OF OHIO

3.

REVISED CODE SECTIONS 2929.11 ET SEQ AND BY DOING SO,

VIOLATED DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS.

II.  THE TRIAL COURT ABUSED ITS DISCRETION IN

IMPOSING A FOURTEEN (14) YEAR SENTENCE UPON

DEFENDANT-APPELLANT AS IT WAS AGAINST THE MANIFEST

WEIGHT OF THE EVIDENCE.

III.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT

DENIED DEFENDANT-APPELLANT'S REQUEST FOR NEW COURT-

APPOINTED COUNSEL.

## II.  Analysis

### A.  Trial Court's Compliance with R.C. 2929.11 and 2929.12

{¶ 9} In appellant's first assignment of error, he argues that the trial court, in its imposition of sentence, failed to comply with the mandates contained in R.C. 2929.11 and R.C. 2929.12.  In his second assignment of error, appellant contends that the trial court abused its discretion in imposing a sentence that "exceeds other sentences for similar crimes in this as well as other courts."  We will address appellant's first two assignments of error simultaneously.

{¶ 10} We note at the outset that abuse of discretion is no longer the applicable standard of review for appeals of felony sentences.  *See State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425; *see also* R.C. 2953.08(G)(2) ("The appellate court's standard for review is not whether the sentencing court abused its discretion.").

4.

Rather, we review felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a dispute sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 11} While the abuse of discretion standard set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 is no longer controlling in our review of felony sentences, *Kalish* is still useful in determining whether a sentence is clearly and convincingly contrary to law. In that regard, the Supreme Court of Ohio held that a sentence was not clearly and convincingly contrary to law where the trial court considered the purposes and principles of sentencing under R.C. 2929.11 along with the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *Id.* at ¶ 18.

{¶ 12} R.C. 2929.11(A) provides, in relevant part: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." In order to comply with the mandates of R.C.

5.

2929.11, a trial court must impose a sentence that is "reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). In carrying out its obligations to impose a sentence that is consistent with the purposes and principles of sentencing under R.C. 2929.11, the trial court must weigh the factors indicating that the offender's conduct is more serious than conduct normally constituting the offense under R.C. 2929.12(B) against those factors indicating that the offender's conduct is less serious than conduct normally constituting the offense under R.C. 2929.12(C). Further, the court must weigh the factors contained in R.C. 2929.12(D) indicating the likelihood that the offender will commit future crimes against the factors contained in R.C. 2929.12(E) indicating that the offender is not likely to commit future crimes.

{¶ 13} Here, appellant acknowledges that the trial court considered R.C. 2929.11 and R.C. 2929.12 in arriving at its sentence. However, appellant maintains that the record "is void of any information that the trial court considered *all of the factors* specified in [R.C. 2929.12]." Further, he contends that his sentence is disproportionate to other sentences received by defendants in the same court for the same crimes.

{¶ 14} With regard to its consideration of the relevant sentencing statutes in this case, the court indicated the following in its sentencing entry:

6.

The Court has considered the record, oral statements, any victim impact statement, and the pre-sentence report prepared, as well as the principle and purposes of sentencing under Ohio Revised Code Section 2929.11. The Court has further balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12. The Court finds that the more serious factors outweigh the less serious factors and that the more likely factors outweigh the less likely factors.

{¶ 15} Moreover, the trial court noted its consideration of the relevant statutes at the sentencing hearing, stating:

The court looks to 2929.11 of the Ohio Revised Code when it comes to sentencing. That tells me the court shall be guided by the overriding purposes of felony sentencing, which are to protect the public of future crime by the offender and others and to punish the offender using the minimum sanctions the court determines accomplishes those purposes without imposing an unnecessary burden on the state or local government.

* * *

I have considered the sentencing factors set forth in 2929.12. I find the more likely recidivism factor[s] outweigh the less likely factors. The more serious factors outweigh the less serious factors.

{¶ 16} Notwithstanding the foregoing, appellant argues that the evidence does not support the trial court's conclusions with respect to the weighing of factors under R.C.

2929.12. Regarding the trial court's examination of the factors contained in R.C. 2929.12, we have previously stated: "While the phrase 'shall consider' is used throughout R.C. 2929.12, the sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required. * * * Merely stating that the court considered the statutory factors is enough." *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). In light of the trial court's statements at the sentencing hearing, as well as the language contained in the sentencing entry, we conclude that the trial court complied with its obligations under R.C. 2929.11 and 2929.12.

{¶ 17} Further, we find no merit as to appellant's assertion that his sentence was disproportionate to sentences received by other defendants found guilty of similar crimes in the same court. In *State v. Dahms*, 6th Dist. No. S-11-028, 2012-Ohio-3181, this court stated the following concerning consistency and proportionality requirements under R.C. 2929.11(B):

> The consistency and proportionality requirements of R.C.
> 2929.11(B) require that sentencing courts impose punishment and sentence
> "consistent with the sentences imposed for similar crimes committed by
> similar offenders." Consistency does not necessarily mean uniformity;
> rather, consistency has a goal of similar sentences for similar offenses. *See*
> *State v. Battle*, 10th Dist. No. 06AP-863, 2007-Ohio-1845. As a result,

8.

consistency includes a range of sentences, taking into consideration a trial court's discretion to weigh the relevant statutory factors. *Id.* Even though offenses may be similar, "distinguishing factors may justify dissimilar sentences." *Id.* at ¶ 24; *State v. King*, 5th Dist. No. CT06-0020, 2006-Ohio-6566, ¶ 23.

In addition, consistency in sentencing does not result from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines. *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, 903 N.E.2d 676, ¶ 10 (10th Dist.). An offender cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is disproportionate. *State v. Hayes*, 10th Dist. No. 08AP-233, 2009-Ohio-1100, ¶ 10, citing *State v. Battle*, 10th Dist. No. 06AP-863, 2007-Ohio-1845, ¶ 23. Rather, to demonstrate that a sentence is inconsistent, an offender must show that the trial court did not properly consider applicable sentencing criteria found in R.C. 2929.11 and 2929.12. *State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650, ¶ 19. *Id.* at ¶ 21-22.

{¶ 18} Having already concluded that the trial court complied with its obligations under R.C. 2929.11 and 2929.12, we find that appellant has failed to demonstrate any inconsistency or disproportionality in his sentence. Further, while we recognize that the citation of similar cases that contain lesser sentences is insufficient, standing alone, to

render a sentence disproportionate, we note that appellant has failed to cite any such examples to support his contention that his sentence "exceeds other sentences for similar crimes in this as well as other courts."

{¶ 19} Having concluded that the trial court complied with R.C. 2929.11 and 2929.12 in its imposition of appellant's sentence, we find that appellant's sentence is not clearly and convincingly contrary to law.

{¶ 20} Accordingly, appellant's first two assignments of error are not well-taken.

## B. Trial Court's Denial of Appointed Counsel's Motion to Withdraw

{¶ 21} In his third assignment of error, appellant argues that the trial court abused its discretion when it denied appointed counsel's motion to withdraw.

{¶ 22} The defendant is entitled to new appointed counsel on constitutional grounds only upon a showing that there is a "conflict of interest, a cessation of communication, or an irreconcilable conflict which would jeopardize the defendant's right to effective assistance of counsel and lead to an unjust verdict." *State v. Love*, 6th Dist. Lucas No. L-96-156, 1997 WL 133329, *4 (Mar. 21, 1997); s*ee also Glasser v. U.S.*, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942), *superseded by rule on other grounds as stated in Bourjaily v. U.S.*, 483 U.S. 171, 181, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); *State v. Coleman*, 37 Ohio St.3d 286, 292, 525 N.E.2d 792 (1988); *State v. Pruitt*, 18 Ohio App.3d 50, 57, 480 N.E.2d 499 (8th Dist.1984); and *State v. Nickelson*, 6th Dist. Wood No. WD-06-023, 2007-Ohio-6367, ¶ 42. We review the trial court's decision under an abuse of discretion standard. *State v. Jones*, 91 Ohio St.3d 335, 342-

343, 744 N.E.2d 1163 (2001). An abuse of discretion connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 23} Here, appellant argues that the trial court abused its discretion by denying the motion to withdraw. Appellant contends that the court's decision was arbitrary in that the case was less than three months old at the time the motion was filed. We disagree.

{¶ 24} Before denying the motion to withdraw, the trial court conducted a hearing at which appellant testified that he wished to have new counsel appointed so that he could obtain a better plea bargain by sharing his side of the story and bringing additional evidence to light. Apparently, appointed counsel disagreed with appellant's proposed strategy, and advised appellant not to disclose the additional evidence to the state. Appellant acknowledged his ongoing communication with appointed counsel. He also admitted that counsel explained the charges, including what would need to be proven in order to support a conviction on those charges as well as the potential penalties that would be available to the court upon a determination of guilt.

{¶ 25} Having reviewed the record in its entirety, we cannot say that the disagreement between appellant and his appointed counsel constitutes a conflict of interest, a cessation of communication, or an irreconcilable conflict which would jeopardize the defendant's right to effective assistance of counsel. This is particularly true in light of appellant's acknowledgement of guilt and the state's indication that appointing new counsel would have no impact on the terms of the plea bargain that was

11.

proposed.  Thus, the trial court did not abuse its discretion in denying the motion to withdraw.

{¶ 26} Accordingly, appellant's third assignment of error is not well-taken.

### III.  Conclusion

{¶ 27} For the foregoing reasons, the judgment of the Ottawa County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                              _____
                                                              JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.                        _____
CONCUR.                                                 JUDGE

                                                  _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.