[Cite as *State v. Edwards*, 2015-Ohio-136.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. OT-14-021 |
| Appellee | Trial Court No. 13-CR-179 |
| v. | |
| Travis Edwards | **DECISION AND JUDGMENT** |
| Appellant | Decided: January 16, 2015 |

* * * * *

Mark Mulligan, Ottawa County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Edward L. Schimmel, for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} Defendant-appellant, Travis Edwards, appeals the May 22, 2014 judgment of the Ottawa County Court of Common Pleas sentencing him to two consecutive 18-month prison terms following his convictions of attempted robbery and attempted intimidation of a witness. For the reasons that follow, we affirm.

## I. Background

{¶ 2} On December 5, 2013, Edwards, along with several co-defendants, entered a home occupied by James Eden, an acquaintance of Edwards, who was there with his father, also named James, and several minor children. The intruders assaulted both men in front of the children, held a knife to one of the children's throats, demanded money, and threatened additional injury to the victims. They smashed the victims' cell phone to prevent them from calling the police, and they warned them not to call the authorities or they would die.

{¶ 3} Edwards was indicted on charges of burglary, in violation of R.C. 2911.12(B) (Count One); aggravated burglary, in violation of R.C. 2911.11(A)(1) (Counts Two and Three); aggravated robbery, in violation of R.C. 2911.01(A)(1) (Counts Four through Seven); and intimidation of a witness, in violation of R.C. 2921.04(B) (Counts Eight through Eleven).

{¶ 4} On March 17, 2014, the state moved to amend counts four and eight of the indictment to attempted robbery and attempted intimidation of a witness, respectively, and to dismiss the remaining counts of the indictment in exchange for Edwards entering a plea of guilty. Edwards withdrew his not guilty pleas and entered pleas of guilty to amended counts four and eight. The case proceeded to sentencing on May 22, 2014. After considering a presentence investigation ("PSI") report, an oral statement by Edwards' counsel, and an oral and written statement from Eden, the trial court sentenced

2.

Edwards to 18-months' incarceration on each conviction, to be served consecutively, and restitution totaling $570.61. Edwards appealed and he assigns the following error for our review:

THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM SENTENCE AND RUNNING THOSE SENTENCES ON THE TWO CHARGES CONSECUTIVELY.

## II. Standard of Review

{¶ 5} As an appellate court, we review felony sentences pursuant to R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may only increase, modify, or vacate and remand a judgment if we clearly and convincingly find that: (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *," or (2) "the sentence is otherwise contrary to law." *Id.,* citing R.C. 2953.08(G)(2). "Notably, we do not review the trial court's sentence for an abuse of discretion." R.C. 2953.08(G)(2). *State v. Washington,* 6th Dist. Lucas No. L-13-1201, 2014-Ohio-2565, ¶ 6.

## III. Analysis

{¶ 6} Edwards argues that consecutive sentences were not warranted in this case because "the record does not portray the nature and extent of any physical harm suffered by the victim(s), much less that the physical harm caused was so great or unusual as to distinguish this case from other attempted robberies (F-4) or attempted intimidation of a

3.

witness (F-4) generally." He claims that his co-defendants—not he— had engaged in the acts of violence and that the victim made this clear at the sentencing hearing when he described that Edwards had actually apologized as the crimes were being committed. Edwards also argues that he "did not commit the worst form of the offense in this case," thus maximum sentences were not warranted.

{¶ 7} R.C. 2929.14(C)(4) provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} At the May 22, 2014 sentencing hearing, the trial court stated:

The Court finds that consecutive sentences are necessary to protect the public from future crime, to punish the offender, and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

The Court also finds that the two offenses were committed as a part of one or more courses of conduct and the harm caused by the two offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

These findings were also reflected in the court's sentencing judgment entry.

{¶ 9} Edwards complains that the trial court failed to explain why it reached these conclusions. He contends that sufficient reasons must be given to support these statutory findings. However, the Ohio Supreme Court recently held in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus, that "[i]n order to impose

consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, *but it has no obligation to state reasons to support its findings*." (Emphasis added.)

{¶ 10} The trial court made the required findings at the sentencing hearing and incorporated them into its sentencing judgment entry. It committed no error in imposing consecutive sentences.

{¶ 11} Edwards next argues that the trial court failed to identify which R.C. 2929.12 factor supported its decision to impose maximum sentences. He claims that maximum sentences were not warranted and he contends that the court failed to take into account that: (1) he had no prior criminal record; (2) he was remorseful; (3) he did not directly inflict physical harm; and (4) he attempted to protect the victims in this case.

{¶ 12} Reviewing Edwards' sentence under R.C. 2953.08(G)(2), we observe that under R.C. 2929.14(A)(4), a fourth degree felony is punishable by a prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. The crimes of which Edwards was convicted are fourth-degree felonies and the trial court imposed 18-month sentences, thus Edwards' sentences were not contrary to law.

{¶ 13} We next consider whether the trial court's findings lack support in the record. We recently recognized in *State v. McClanahan*, 6th Dist. Ottawa No. OT-14-

6.

024, 2014-Ohio-5597, ¶ 15, that while the sentencing court "shall consider" the factors set forth in R.C. 2929.12, it "is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required. * * * Merely stating that the court considered the statutory factors is enough." (Internal citations and quotations omitted.)

{¶ 14} During the sentencing hearing, the trial court read directly from the PSI report which summarized Edwards' offenses. That report described that Edwards and his accomplices forced their way into Eden's home at 3:00 in the morning. They violently assaulted the two men in the children's presence, threatened to kill them, and held a knife to the throat of one of the children. They demanded money, threatened to rape "and stuff objects into the rectum of one of the victims," and warned the victims "not to call authorities or they would die." They smashed their cell phones and a flat-screen television. While the court recognized that Edwards' participation may not have been to the same degree as his co-defendants', it quoted the victim in observing, "Everybody chose to be there and nobody chose to leave." The transcript of the sentencing hearing and the sentencing judgment entry demonstrate that the trial court performed the required analysis and that its findings are supported by the record.

{¶ 15} We find Edwards' sole assignment of error not well-taken.

7.

## IV.  Conclusion

**{¶ 16}** We find Edwards' assignment of error not well-taken and affirm the May 22, 2014 judgment of the Ottawa County Court of Common Pleas.  The costs of this appeal are assessed to appellant under App.R. 24.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                           _____
                                                      JUDGE

Stephen A. Yarbrough, P.J.

                                       _____

James D. Jensen, J.                                                      JUDGE
CONCUR.

                                       _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.