[Cite as *State v. Jones*, 2015-Ohio-4209.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                          Court of Appeals No. OT-14-042

      Appellee                                    Trial Court No. 14 CR 059

v.

Christopher A. Jones                          **DECISION AND JUDGMENT**

      Appellant                                  Decided:   October 9, 2015

* * * * *

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

James J. Popil, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant, Christopher A. Jones, appeals the November 12, 2014 judgment

of the Ottawa County Court of Common Pleas which, following his guilty plea to gross

sexual imposition, sentenced him to five years of imprisonment and classified him as a Tier II Sex Offender. Because we find that appellant's plea was knowing and voluntary, we affirm.

{¶ 2} On June 3, 2014, appellant was indicted on two counts of gross sexual imposition, R.C. 2907.05, third degree felonies. The charges stemmed from incidents occurring in the spring of 2014. Appellant entered not guilty pleas to the charges. On September 25, 2014, appellant withdrew his not guilty pleas and entered a guilty plea to one count of gross sexual imposition, a third degree felony. The remaining count was dismissed.

{¶ 3} On November 12, 2014, appellant was sentenced to the maximum of five years of imprisonment. This appeal followed. Appellant presents the following three assignments of error:

I. The trial court committed reversible error when it accepted appellant's guilty plea.

II. The trial court committed reversible error in advising appellant of his sex offender registration duties.

III. The trial court abused its discretion in sentencing appellant to a maximum term.

{¶ 4} In appellant's first assignment of error he contends that the trial court erred when it accepted his plea as it was not knowing as required under Crim.R. 11.

2.

Specifically, appellant argues that there was no evidence that any touching by appellant was for the purpose of sexual gratification. Further, there was no evidence to support that the alleged incident occurred in Ottawa County.

{¶ 5} Appellant relies on the following discussion during the plea hearing:

[THE COURT]: [O]n or about the 17th day of May, 2014, you did something that brings you here today. What happened?

[APPELLANT]: I am not good with dates, so I can't tell you specifically, but all I know it involves me tickling the kids.

I can't really clearly remember if I actually tickled the private area, but being, you know, drinking and stuff like that, is no excuse. I don't remember actually doing it, but, you know, if I did do this, this isn't me.

I have been around children all my life and I just want to get my punishment and get out, so I can get the help I need. You know, it won't happen.

[THE COURT]: You don't argue with that date, if the report says that is the date, you don't disagree?

[APPELLANT]: No.

[THE COURT]: Did that occur in Ottawa County?

[APPELLANT]: No.

[THE COURT]: Is the State satisfied?

3.

[THE STATE]: Also, Your Honor, that the victim was under 13 years of age.

[THE COURT]: Agreed?

[APPELLANT]: Yeah.

{¶ 6} Based on the above exchange, appellant first argues that his plea was invalid because there was no evidence that his contact with a minor was for the purpose of sexual gratification.  We first note that appellant entered a plea of guilty to gross sexual imposition.  Prior to accepting a guilty plea, the trial court was required to comply with Crim.R. 11.  Specifically, Crim.R. 11(C)(2) demands that the trial court inform a defendant of various rights he is waiving by entering the plea. In that regard, the rule provides in pertinent part:

(2) In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:

(a)  Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, * * *

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

4.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 7} The purpose of Crim.R. 11(C)(2) is to ensure the defendant has the information needed to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard,* 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). When advising a defendant of his constitutional rights, a trial court must strictly comply with Crim.R. 11(C)(2)(c). *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18–21. Substantial compliance is insufficient. *Id.* Failure of the trial court to comply strictly with Crim.R. 11(C)(2)(c) constitutes reversible or prejudicial error which renders the plea invalid. *Id.* at ¶ 29. Substantial compliance is required for the notifications under Crim.R. 11(C)(2)(a) and (b). *See State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51.

{¶ 8} Gross sexual imposition, R.C. 2907.05(A)(4), prohibits sexual contact with another where the other person is less than 13 years old. Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

5.

{¶ 9} A guilty plea is a complete admission of all the elements of a charge. *State v. Meadows*, 6th Dist. Lucas No. L-05-1321, 2006-Ohio-6183, ¶ 22. The Ohio Supreme Court has recognized that a valid guilty plea operates as a conviction and requires no factual findings or verdict to support it.

> Unlike a plea of no contest, which requires a trial court to make a finding of guilt, *State v. Bird* (1998), 81 Ohio St.3d 582, 584, 692 N.E.2d 1013, a plea of guilty requires no finding or verdict. *Kercheval v. United States* (1927), 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 ("A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence"). *See also State v. Bowen* (1977), 52 Ohio St.2d 27, 28, 6 O.O.3d 112, 368 N.E.2d 843. *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 15, *holding modified on other grounds, State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of syllabus.

{¶ 10} Further, a valid guilty plea waives a defendant's right to challenge his conviction on the grounds of insufficiency of the evidence. *State v. Hill,* 8th Dist. Cuyahoga No. 90513, 2008-Ohio-4857, ¶ 6, citing *State v. Siders,* 78 Ohio App.3d 699, 701, 605 N.E.2d 1283 (11th Dist.1992).

6.

{¶ 11} Prior to accepting appellant's plea, the trial court confirmed that appellant and counsel reviewed the elements of gross sexual imposition and appellant waived any further explanation by the court. Thus, appellant cannot now challenge the sufficiency of the evidence supporting the charge.

{¶ 12} Regarding the issue of venue, as quoted above when asked if the offense took place in Ottawa County, appellant responded negatively. As averred by the state, by entering a guilty plea, appellant waived the venue argument on appeal. *See State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 14.

{¶ 13} This court has carefully reviewed the transcript of the plea proceedings herein. The record reflects that the trial court explained all the constitutional rights appellant was entitled to as required by Crim.R. 11. Appellant read and signed a guilty plea form. While appellant responded negatively when asked whether the offense took place in Ottawa County, the entire colloquy between the trial court and appellant, absent the isolated response, demonstrates that appellant wished to enter the pleas.

{¶ 14} Based on the foregoing, we find that under the totality of the circumstances appellant understood the nature of the plea and entered it knowingly and voluntarily. Appellant's first assignment of error is not well-taken.

{¶ 15} In appellant's second assignment of error, he contends that the court erred in advising appellant of his sex offender registration requirements. Appellant argues that he was not properly informed that he was required to register immediately after

7.

sentencing and within three days after his release from prison and that the court did not properly ascertain his expected address or telephone number.

{¶ 16} R.C. 2950.03(A) provides:

Each person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense and who has a duty to register pursuant to section 2950.04 or 2950.041 of the Revised Code * * * shall be provided notice in accordance with this section of the offender's or delinquent child's duties imposed under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code and of the offender's duties to similarly register, provide notice of a change, and verify addresses in another state if the offender resides, is temporarily domiciled, attends a school or institution of higher education, or is employed in a state other than this state.

Further,

[i]f the notice is provided to an offender under division (A)(1) or (2) of this section, the official, official's designee, or judge shall require the offender to read and sign a form stating that the offender's duties to register, to file a notice of intent to reside, if applicable, to register a new residence address or new school, institution of higher education, or place of employment address, and to periodically verify those addresses, and the offender's duties in other states as described in division (A) of this section

8.

have been explained to the offender.  If the offender is unable to read, the official, official's designee, or judge shall certify on the form that the official, designee, or judge specifically informed the offender of those duties and that the offender indicated an understanding of those duties. R.C. 2950.03(B)(1)(a).

{¶ 17} At sentencing, the form completed by appellant did not list a residence address but noted that his expected residence would be in Ottawa County.  The court read the form to appellant; he and the trial court judge then signed the form.

{¶ 18} We note that the record contained evidence that appellant did not have a residence address on the date of sentencing.  His last known residence was, in fact, in Ottawa County.  Further, the form provided to appellant informed him that that upon release from prison, he would have to register within three days.  Regardless, any error in failing to ascertain his residence address or telephone number was harmless; appellant failed to argue how he was prejudiced by the alleged omission.  Appellant's second assignment of error is not well-taken.

{¶ 19} Appellant's third and final assignment of error asserts that the trial court abused its discretion when it sentenced him to a maximum, five-year imprisonment term. Appellant supports his argument with the analysis in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.  The stated contends that "abuse of discretion" is no longer the applicable standard.

9.

**{¶ 20}** In *State v. Tammerine,* 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, this court held that R.C. 2953.08(G)(2) "directly defines and establishes the proper appellate standard of review in felony sentencing cases." The statute itself provides that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

**{¶ 21}** We outlined the required analysis under R.C. 2953.08(G)(2) in *Tammerine.* R.C. 2953.08(G)(2) establishes that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13(B) or (D), division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law. *Tammerine* at ¶ 11.

**{¶ 22}** Accordingly, we conclude that the standard of review under R.C. 2953.08(G)(2), not an abuse of discretion standard under the *Kalish* analysis, provides the framework for appellate review of these sentences.

**{¶ 23}** We first note that the sentence imposed was within the statutory range of 12 to 60 months. R.C. 2929.14(A)(3)(a). Further, in imposing sentence, the court considered the principles and purposes of sentencing under R.C. 2929.11 and the

10.

seriousness and recidivism factors under R.C. 2929.12. The court also reviewed the presentence investigation report, police reports, and victim impact statements.

{¶ 24} Appellant contends, however, that the facts of the case do not warrant a maximum sentence. As noted by this court, where the sentencing court properly considers the felony sentencing mandates and relevant materials in the record, absent evidence that the sentence was inconsistent or disproportionate we must conclude that the sentence was not clearly or convincingly contrary to law. *State v. McClanahan*, 6th Dist. Ottawa No. OT-14-024, 2014-Ohio-5597, ¶ 11-18. Accordingly, appellant's third assignment of error is not well-taken.

{¶ 25} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Ottawa County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                _____
                                                       JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.                   _____
CONCUR.                                                      JUDGE

                                                 _____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.