[Cite as *State v. Buchholz*, 2017-Ohio-857.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Aron Michael Buchholz

Appellant

Court of Appeals No. L-16-1133

Trial Court No. CR0201502435

**DECISION AND JUDGMENT**

Decided: March 10, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**,

{¶ 1} Defendant-appellant, Aron Buchholz, appeals the June 1, 2016 judgment of

the Lucas County Court of Common Pleas which, following his guilty plea to involuntary

manslaughter, R.C. 2903.04(A), with a firearm specification, sentenced him to ten years of imprisonment. Because appellant's sentence was not contrary to law, we affirm.

{¶ 2} Appellant was indicted on one count of murder, R.C. 2903.02(A), and, alternatively, one count of murder, R.C. 2903.02(B), with firearm specifications stemming from the August 24, 2015 shooting death of victim, Theresa Craig. Appellant entered not guilty pleas to the charges.

{¶ 3} On April 15, 2016, appellant was charged by information to one count of involuntary manslaughter. Pursuant to agreement of the parties, appellant entered a guilty plea to involuntary manslaughter, with a firearm specification. The plea form was journalized on April 19, 2016, and included notification that the maximum penalty appellant faced at sentencing was 14 years of imprisonment and a $20,000 fine. The form further indicated that a nolle prosequi would be entered as to the murder counts, Counts 1 and 2.

{¶ 4} The parties filed sentencing memoranda and a presentence investigation was conducted. On June 1, 2016, appellant was sentenced to ten years of imprisonment. This appeal followed.

{¶ 5} Appellant now raises one assignment of error for our review:

> The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing appellant to ten years in the Ohio Department of Rehabilitation and Corrections.

2.

{¶ 6} We review a felony sentence under the two-prong approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 7} Here, none of the express findings under R.C. 2953.08(G)(2) apply. Thus, we must examine whether the sentence is otherwise contrary to law.

{¶ 8} In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court expressly stated that it considered the purposes and principles of R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

3.

**{¶ 9}** In his sole assignment of error, appellant argues that while the sentence imposed was within the statutory range, the sentence was contrary to law because the trial court erroneously failed to consider the mitigating factors in support of a lesser sentence. Specifically, appellant claims that the court failed to consider the factors in R.C. 2929.12(C)(4) and (D) which provide:

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

\* \* \*.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense

pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2)  The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3)  The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4)  The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5)  The offender shows no genuine remorse for the offense.

{¶ 10} Appellant contends that, unlike the aggravating factors in R.C. 2929.12(D), he does not have a criminal record, that the shooting was "accidental" in nature and that he has shown remorse for the offense.

{¶ 11} As noted by the state, we have previously observed that "where the sentencing court properly considers the felony sentencing mandates and relevant materials in the record, absent evidence that the sentence was inconsistent or disproportionate we must conclude that the sentence was not clearly or convincingly contrary to law." *State v. Jones*, 6th Dist. Ottawa No. OT-14-042, 2015-Ohio-4209, ¶ 24, citing *State v. McClanahan*, 6th Dist. Ottawa No. OT-14-024, 2014-Ohio-5597, ¶ 11-18.

{¶ 12} At the May 27, 2016 sentencing hearing, in sentencing appellant the trial court first noted that it had considered the sentencing memoranda, the presentence investigation report, the ORAS (Ohio Risk Assessment System) report, the letters on behalf of the victim and the defendant, the statements made at sentencing, and the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. Further, in its June 1, 2016 judgment entry, the court again indicated that it considered the above in rendering its decision.

{¶ 13} Reviewing the record before this court, we find the trial court considered R.C. 2929.11 and 2929.12 prior to imposing appellant's sentence. In addition, R.C. 2929.14(A)(1), provides for prison terms ranging from three to 11 years for felonies of the first degree; plus, appellant was subject to an additional mandatory three-year term

6.

for the firearm specification. Thus, the trial court's imposition of a ten-year prison sentence was within the permissible statutory range.

{¶ 14} In light of the foregoing, we find that the trial court met its obligations to consider the sentencing statutes in fashioning a sentence that was within the permissible statutory range. Thus, that appellant's sentence was not clearly and convincingly contrary to law. Appellant's assignment of error is not well-taken.

{¶ 15} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                     _____
                                                JUDGE
Thomas J. Osowik, J.           

                                             _____
James D. Jensen, P.J.                                       JUDGE
CONCUR.

                                             _____
                                                JUDGE

7.