[Cite as *State v. Dickerson*, 2022-Ohio-3012.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2022 CA 0027 |
| TRAEVON DICKERSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:  Appeal from the Richland County Court of
Common Pleas, Case No. 2021-CR-0842

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  August 29, 2022

APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
Prosecuting Attorney
Richland County, Ohio

JODIE SCHUMACHER
First Assistant Prosecuting Attorney
38 South Park Street – Second Floor
Mansfield, Ohio 44902

For Defendant-Appellant

TRAEVON DICKERSON
661 Courtwright Blvd.
Mansfield, Ohio 44907

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Traevon Dickerson appeals the judgment entered by the Richland County Common Pleas Court overruling his motion for re-examination of his case. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** On November 5, 2021, Appellant was indicted by the Richland County Grand Jury with two counts of domestic violence. His mother was named as the victim in one count, and his sister was named as the victim in the second count. The police report from the date in question indicated Appellant was taken to the hospital prior to being taken to jail.

**{¶3}** Appellant entered a plea of guilty to count two, in which his sister was the victim, on December 29, 2021. Count one was dismissed by the State. Appellant was sentenced to thirty months of community control.

**{¶4}** Appellant filed a motion on March 28, 2022, asking the trial court to re-examine and/or retry his case. He attached a hospital report from the night of the incident to his motion, which demonstrated Appellant received injuries to his back on the night of the incident giving rise to the indictment.

**{¶5}** The trial court overruled the motion. It is from the April 6, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.

I. THE MANSFIELD POLICE DEPARTMENT ABUSED THEIR AUTHORITY BY: (1) DISREGARDING APPELLANT'S REQUEST FOR THEM TO REVIEW THE VIDEO EVIDENCE HE RECORDED ON OCTOBER 2ND, 2021. (2) ARRESTING THE APPELLANT WITHOUT HAVING ANY SUBSTANTIAL EVIDENCE THAT HE VIOLATED O.R.C. 2919.25(B). (3) MAKING NO ATTEMPTS TO ADVISE THE PARTIES RETURN TO THEIR RESPECTIVE HOMES, DETAILING THAT A MEETING WITH THE LAW DIRECTOR COULD BE REQUESTED IF EITHER PARTY WISHES TO FILE CHARGES.

{¶6} At the outset we note Appellant's three-part assignment of error is directed toward the conduct of police in investigating the case, and does not claim error in the trial court's entry overruling his motion to re-examine the evidence, which is the entry Appellant is appealing.

{¶7} The trial court stated as follows in its judgment overruling Appellant's motion:

The Defendant has not established what significance the medical records have in this case. First, as stated above, the police report indicates that the Defendant was injured during the altercation and was taken to the hospital; therefore, this is not new information. Second, the fact that the Defendant was injured in no way affects whether or not he committed a crime. Individuals are often injured during the commission of a crime and

domestic violence/assaultive situations occasionally involve mutual combat and injuries to both parties. The fact that he also sustained injuries does not prove that the Defendant did not assault his sister. Further, the Defendant has presented no evidence as to who injured him and how. Finally, the Defendant entered a plea of guilty. The Defendant's change of plea waives any right he has to raise any claims, issue[s], or defenses that occurred prior to his change of plea.

**{¶8}** Judgment, April 6, 2022.

**{¶9}** We find the trial court did not err in overruling Appellant's motion for the reasons stated in its judgment entry as cited above. Although Appellant claims in his reply brief his plea was not knowingly, voluntarily, and intelligently entered, Appellant did not timely appeal his conviction, and did not file a motion to withdraw the plea in the trial court. Further, Appellant has not provided this Court with the transcript of the plea hearing, and this Court therefore must presume regularity in the plea proceeding. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385 (1980).

**{¶10}** Appellant's motion to re-examine the case is in its essence a delayed challenge to the sufficiency of the evidence to support his conviction. However, a guilty plea waives the right to challenge the sufficiency of the evidence to support a conviction. *See, e.g. State v. Jones*, 6th Dist. Ottawa No. OT-14-042, 2015-Ohio-4209, ¶ 10. A guilty plea acts as a conviction, requiring no findings of fact or verdict to support it. *Id.* at ¶9. Therefore, there was no "evidence" for the trial court to re-examine in the instant case, as

Appellant's guilty plea obviated the requirement of evidentiary support for the trial court's finding of guilt.

{¶11} The assignment of error is overruled. The judgment of the Richland County Common Pleas Court is affirmed.


By: Hoffman, P.J.
Wise, John, J. and
Baldwin, J. concur