[Cite as *State v. Iamandita*, 2025-Ohio-1986.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | | Hon. Robert G. Montgomery, J. |
| | : | | Hon. Kevin W. Popham, J. |
| -vs- | : | | |
| | : | | |
| IONUT IAMANDITA, | : | | Case No. 2024 CA 00103 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Licking County
Court of Common Pleas, Case No.
2024 CR00488


JUDGMENT:         Affirmed


DATE OF JUDGMENT:         June 2, 2025


APPEARANCES:

For Plaintiff-Appellee         For Defendant-Appellant

KENNETH W. OSWALT         JOHN RUTAN
Licking County Prosecuting Attorney's Office    336 South High Street
20 S. Second St., 4th Floor         Columbus, OH  43215
Newark, OH  43055

*Montgomery, J.*

**STATEMENT OF THE FACTS AND THE CASE**

**{¶1}** Appellant was indicted in the Licking County Common Pleas Court on July 25, 2024, on seven separate counts:

1. Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32;

2. Possessing Criminal Tools in violation of R.C. 2923.24;

3. Telecommunications Fraud in violation of R.C. 2913.05(A);

4. Unauthorized Use of Property in violation of R.C. 2913.04;

5. Possessing Criminal Tools in violation of R.C. 2923.24;

6. Possessing Criminal Tools in violation of R.C. 2923.24; and

7. Tampering with Records in violation of R.C. 2813.42(A)(1).

**{¶2}** The State of Ohio filed a Motion to Amend the Indictment on December 2, 2024, to dismiss Count Seven (7). An Entry was filed with the trial court on the same date that dismissed Count Seven (7) of the indictment.

**{¶3}** Appellant plead guilty to the remaining six counts in open court on December 2, 2024. Defendant was sentenced on the same day to an "indeterminate prison term of six (6) to nine (9) years on Count 1, a stated prison term of one (1) year on Count 2, a stated prison term of one (1) year on Count 3, a stated prison term of one (1) year on Count 4, a stated prison term of one (1) year on Count 5, and a stated prison term of one (1) year on Count 6 at the state penitentiary. Counts 1, 2, 3, 4, 5, and 6 are ordered to run concurrently with each other." *Judgment Entry*, p. 2.

**{¶4}** Appellant asserts the following assignments of error:

**{¶5}** "I. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT APPELLANT'S CONVICTION FOR COUNT 1, ENGAGING IN A PATTERN OF CORRUPT ACTIVITY."

**{¶6}** "II. APPELLANT'S CONVICTION FOR COUNT 1, ENGAGING IN A PATTERN OF CORRUPT ACTIVITY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶7}** "III. THE TRIAL COURT SENTENCE IS CONTRARY TO LAW."

## ANALYSIS

**{¶8}** Appellant was indicted on seven counts in the Licking County Common Pleas Court on July 25, 2024. The indictment was amended on December 2, 2024, to dismiss Count Seven. A change of plea hearing was held on December 2, 2024, wherein Appellant plead guilty to the six remaining charges.

**{¶9}** Appellant argues in his first assignment of error that there was insufficient evidence to support Appellant's conviction for Count One of the indictment. Appellant argues in his second assignment of error that his conviction to Count One of the indictment was against the manifest weight of evidence. These assignments will be addressed together.

**{¶10}** When an appellant argues that there were insufficient facts in the trial court's record to support a finding of guilt, this Court will normally review the evidence submitted to the trier of fact and determine if any rational trier of fact could, "find all of the essential elements of the offense to have been proven beyond a reasonable doubt". *State v. Were*, 2008-Ohio-2762, ¶ 132.

**{¶11}** When an appellant argues that the conviction is against the manifest weight of evidence, this Court will normally "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in

resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered". *State v Thompkins*, 78 Ohio St.3d, 380, 387.

**{¶12}** However, in this case, Appellant signed admission of guilt forms that were filed with the trial court on December 2, 2024. These forms were referenced during the change of plea hearing. *Trial Transcript*, p. 7. Appellant specifically signed *Admission of Guilt [To an Indictment]* which stated, "I hereby withdraw my former not guilty plea and enter a plea of GUILTY to the offense of Engaging in a Pattern of Corrupt Activity in violation of RC 2923.32 in count one, a felony of the second degree."

**{¶13}** At the change of plea hearing, Appellant stated on the record that he understood the State would not introduce evidence of his guilt at trial:

Court: "Do you understand, Mr. Iamandita, that by changing your plea here today that you give up some rights?

Appellant: Yes, Your Honor.

Court: Do you understand you're giving up your right to require that the State of Ohio prove your guilt beyond a reasonable doubt.

Appellant: Yes, Your Honor.

*Trial Transcript,* p. 8.

**{¶14}** Appellant acknowledged his guilt to all the charges in open court.

Court: Are you asking the court to accept your guilty pleas here today, Mr. Iamandita?

Appellant: Yes, Your Honor.

Court: Are you changing your pleas to guilty because you are, in fact, guilty?

Appellant: Yes, Your Honor.

*Trial Transcript*, p. 17.

**{¶15}** The Supreme Court of Ohio has held, "a guilty plea waives the right to challenge the sufficiency of the evidence to support a conviction. *State v. Jones*, 2015-Ohio-4209, ¶ 10. This Court has held, "a guilty plea waives the right to challenge the sufficiency of the evidence to support a conviction". *State v. Dickerson*, 2022-Ohio-3012, ¶ 10. A guilty plea, if valid, constitutes, "a complete admission of the defendant's guilt that removes any issues of factual guilt from the case". *State v. Allen*, 2016-Ohio-5258, ¶ 17.

**{¶16}** Appellant does not challenge the validity of his guilty plea. Appellant stated on the record that he understood that the state would not be introducing evidence of his guilt into the record. *State v. Niepsuj*, 2008-Ohio-1050, ¶ 7, has stated, "[a] defendant who enters a knowing, voluntary, and intelligent guilty plea waives all nonjurisdictional defects for the purpose of future proceedings." This includes the defendant's "right to present manifest-weight-of-the-evidence or sufficiency-of-the-evidence attacks against his convictions." *State v. Grate*, 2020-Ohio-5584, ¶ 111, quoting *State v. Dalton*, 2012-Ohio-3386, ¶ 7.

**{¶17}** Appellant voluntarily changed his plea of "not guilty" to "guilty" to Count One, Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1). Based on Appellant's guilty plea, the State did not introduce evidence of his guilt into the record. Appellant has waived his right to challenge the sufficiency of evidence or manifest weight of evidence on appeal. Appellant's first and second assignments of error are overruled.

**{¶18}** In his third assignment of error, Appellant argues that his sentence was contrary to Ohio Law. Appellant was sentenced to six (6) to nine (9) years on Count One and one (1) year on each of the other counts. All sentences were ordered to be served concurrently.

**{¶19}** An appellate court may modify or vacate a sentence only if it is clearly and convincingly contrary to law. *State v. Rivera*, 2012-Ohio-1915. R.C. 2953.08(G)(2) states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: … (b) That the sentence is otherwise contrary to law

**{¶20}** Appellant's claim that the trial court misapplied the factors set out in R.C. 2929.11 and 2929.12 and that he is entitled to appellate review is not consistent with case law. The Ohio Supreme Court has held in *State v. Jones*, 2020-Ohio-6729, ¶ 39**,** "R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." This Court has recently found, "[n]othing in R.C. 2953.08(G)(2)(b) permits this Court to independently weigh the evidence in the record

and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Norman*, 2024-Ohio-907, ¶ 24.

**{¶21}** Appellant also argues that the trial court failed to provide adequate reasons as to why the trial court imposed its sentence. The trial court stated in its decision that it "considered the purposes and principles of sentencing set out under Section 2929.11 as well as the seriousness and recidivism factors set out under Section 2929.12". *Trial Transcript*, p. 21. This Court has previously held that, "[t]he trial court has no obligation to state reasons to support its finding." *State v. White*, 2024-Ohio-6036, ¶ 24.

**{¶22}** Appellant's argument that Appellant should have received the shortest prison term of two years was not made during the sentencing hearing. This Court has held, "the failure to object at the time of sentencing forfeits a legal attack on that sentence (unless it is raised through a plain error analysis on appeal)". *State v. Dupler*, 2024-Ohio-5721, ¶ 14.

**{¶23}** Appellant failed to raise an objection during the sentencing hearing and has not made a plain error argument.

**{¶24}** Notwithstanding this Court's finding that Appellant failed to object to the length of his sentence at his sentencing hearing, this Court will address Appellant's third assignment of error. According to R.C. 2929.14 (2)(a), "[f]or a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the

felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division."

**{¶25}** Appellant's sentence is within the statutory framework for a felony of the second degree. The trial court stated in its sentencing entry that it had considered the record, oral statements, and the presentence investigation report, as well as the principles and purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. Appellant's sentence does not violate R.C. 2929.14(2)(a) and Appellant has not shown an abuse of discretion since his sentence is within the parameters authorized by statute.

**{¶26}** The trial court's imposition of sentence is supported by the record and is neither contrary to law, nor based on improper considerations. Accordingly, Appellant's third assignment of error is overruled.

## CONCLUSION

{¶27} Based on the foregoing, Appellant's first, second and third assignments of error are overruled. The Judgment Entry filed in the Licking County Court of Common Pleas on December 2, 2024, is affirmed in all respects.

By: Montgomery, J.

Baldwin, P.J. and

Popham, J. concur.