[Cite as *State v. Vialva*, 2017-Ohio-1279.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104199

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHNSON VIALVA

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-599397-A

**BEFORE:** Keough, A.J., Stewart, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** April 6, 2017

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103
820 West Superior Avenue, Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Daniel Van
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

**{¶1}** Defendant-appellant, Johnson Vialva, challenges his guilty plea and the effectiveness of his trial counsel. For the reasons that follow, we affirm.

**{¶2}** In October 2015, Vialva was named in a 24-count indictment charging him with 12 counts of rape, with furthermore clauses alleging that the victim was under ten years of age and sexually violent predator specifications; ten counts of gross sexual imposition, with sexually violent predator specifications; and two counts of kidnapping, with sexual motivation and sexually violent offender specifications.

**{¶3}** In February 2016, Vialva pleaded guilty to ten amended counts of rape, ten amended counts of gross sexual imposition, and two amended counts of kidnapping. The parties agreed to a 20 year to life prison sentence, which the trial court ultimately imposed.

**{¶4}** Vialva now appeals, raising four assignments of error, which will be addressed together where appropriate.

## I. Plea — Nature of the Charges and Right to Testify

**{¶5}** In his first and second assignments of error, Vialva contends that the trial court committed prejudicial error and denied him due process of law by accepting his guilty pleas without (1) determining that he understood the nature of the charges to which he was pleading, and (2) advising him that he had the right to testify if the case proceeded to trial and that he would be waiving that right if he pleaded guilty.

{¶6} Under Crim.R. 11(C)(2), in a felony case, a trial court shall not accept a guilty plea without first addressing the defendant personally and (1) determining that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved, (2) informing the defendant of and determining that the defendant understands the effect of the guilty plea and that the court, upon accepting the plea, may proceed with judgment and sentence, and (3) informing the defendant and determining that the defendant understands that by the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself.

{¶7} A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, which means that the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. For nonconstitutional rights, such as the right to be informed of the nature of the charges, we review for substantial compliance with the rule. *Id*. at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). Substantial compliance means that under the totality of the circumstances the defendant understands the implications of his plea and the rights he is waiving. *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979).

**{¶8}** In this case, the record reflects that the trial court advised Vialva at the plea hearing that he was charged with rape, gross sexual imposition, and kidnapping with a date range of January 1, 2011 through December 21, 2012. (Tr. 3.) Thereafter, the prosecutor set forth the plea agreement on the record, which defense counsel stated was his understanding of the plea, including the agreed sentence of 20 years to life in prison. The trial court then explained to Vialva the offenses and maximum sentences, including the specifications that were deleted from the counts that would have resulted, if convicted, in a sentence of life without parole. (Tr. 13-15.) Moreover, prior to Vialva actually entering his guilty pleas on the record on each count, the trial court stated the offense, including any specifications, the code section under which he was charged, and the degree of the offense. (Tr. 20-24.) Although the trial court did not read the statutory definitions of the offenses to Vialva, the record demonstrates that the trial court more than substantially complied with Crim.R. 11(C)(2)(a) in advising Vialva of the nature of the charges.

**{¶9}** Despite Vialva's argument that the trial court should have inquired as to whether he understood the nature of the offenses or whether someone had explained the nature of the offenses to him, this court has repeatedly held that "courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charge." *State v. Kaminski*, 8th Dist. Cuyahoga No. 93744, 2010-Ohio-4669, ¶ 8, *State v. Carpenter*, 8th Dist. Cuyahoga No. 81571,

2003-Ohio-3019. "In the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charges against him." *See, e.g., State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 13. In this case, the charges were stated to Vialva, and there is nothing in the record evincing that he was confused, coerced, or did not understand the proceedings or his plea. The record reflects that Vialva understood the charges to which he pled.

**{¶10}** In his second assignment of error, Vialva contends that the trial court failed to advise him of his right to testify at trial.

**{¶11}** A criminal defendant's right to testify, although a constitutional right, is not one of the rights enumerated in Crim.R. 11 that a trial court must advise a defendant of before the court can accept the defendant's guilty plea. This court has held that the advisement of a defendant's right to testify is not necessary to ensure the validity of a defendant's plea. *See State v. Vaughn*, 8th Dist. Cuyahoga No. 87245, 2006-Ohio-6577, ¶ 33. Rather, the relevant inquiry is whether the defendant is advised that he has the right to remain silent, right not to testify, and the right not to have the prosecution comment on that right. Crim.R. 11(C)(2)(c).

**{¶12}** In this case, the record reflects that the trial court advised Vialva of his constitutional right that "at all times you have the absolute right to remain silent. If you chose to take this case to trial, and if you chose not to testify, the [s]tate of Ohio could not

attempt to use your silence against you in an effort to prove you guilty." (Tr. 18.) This advisement strictly complies with Crim.R. 11(C)(2)(c).

{¶13} Even assuming any error by the trial court, Vialva has made no showing of prejudice relating to his plea, much less any argument that he would not have pled guilty had the trial court more fully explained the nature and circumstances of the charges against him or if he was told he had a right to testify at trial. Accordingly, we find that Vialva entered a knowing, voluntary, and intelligent plea and that the trial court complied with the requirements of Crim.R. 11(C) prior to accepting the plea. His first and second assignments of error are overruled.

## II.   Plea — Deportation Consequences

{¶14} In his third assignment of error, Vialva contends that he did not enter a knowing, voluntary, and intelligent plea, resulting in a denial of due process of law, because the trial court failed to fully and accurately advise him of the consequences of his guilty pleas when it advised him only that his guilty pleas "may" result in deportation when, in fact, he was facing mandatory deportation for the offenses involved.

{¶15} Vialva is not a citizen of the United States. Accordingly, R.C. 2943.031(A) required the trial court to personally address Vialva and advise him on the record of the following notification:

> If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion

from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

{¶16} In this case, the trial court complied with R.C. 2943.031(A) by reading the statutory advisement and inquiring whether Vialva wished to have additional time to consider this advisement and the opportunity to contact the embassy of his home nation before entering his guilty plea. (Tr. 8-9.) Vialva stated he understood the advisement, did not wish to have additional time to consider the advisement, and did not wish to contact his home nation.

{¶17} Nevertheless, Vialva contends on appeal that because he was not advised that deportation was essentially mandatory in his case, he was not properly advised of the consequences of his guilty plea, and thus his guilty plea should be vacated. In support, he cites this court's decision in *State v. Ayesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-1695.

{¶18} As a preliminary matter, the federal deportation statute of 8 U.S.C. 1227(a)(2)(A)(iii) provides that any alien who is convicted of a crime involving an aggravated felony is deportable. "Aggravated felony," pursuant to 8 U.S.C. 1101 (a)(43)(A) includes rape or sexual abuse of a minor. As this court explained in *Ayesta*, although 8 U.S.C. 1227 does not use the phrase "mandatory deportation," "courts have been describing the level of certainty of deportation for deportable offenses as 'virtually automatic' and 'unavoidable,' *United States v. Couto*, 311 F.3d 179, 184 (2d Cir.2002), 'certain,' *INS v. St. Cyr*, 533 U.S. 289, 325, 121 S.Ct. 2271, 150 L.Ed.2d 247 (2001), and

'presumptively mandatory,' *Hernandez v. State*, 124 So.3d 757, 763 (Fla.2012)." *Ayesta* at ¶ 7. Therefore, Vialva's convictions would presumably subject him to mandatory deportation. Despite this "mandatory" deportation consequence, the General Assembly has not required a court to advise a defendant of the exact deportation consequence. *See* R.C. 2943.031(A) ("may have the consequences of * * *").

{¶19} In *Ayesta*, a non-United States-citizen defendant pleaded guilty to assault and domestic violence. Prior to his plea, the trial court advised Ayesta pursuant to R.C. 2943.031(A) that there "may" be immigration consequences as a result of his plea. Subsequently, the federal government initiated immigration removal proceedings against Ayesta because of his domestic violence conviction. Ayesta moved to withdraw his guilty plea, contending through his own affidavit that he was never advised by counsel of the immigration consequences prior to his plea. *Id.* at ¶ 17. When his motion was denied without a hearing, Ayesta appealed. *Id.* at ¶ 3, 4.

{¶20} Ayesta's argument in his motion to withdraw and on appeal was that had he known of the mandatory deportation consequences, he would not have pleaded guilty to the charge but would have asked his attorney to attempt to negotiate a plea arrangement that did not involve his pleading guilty to a mandatory deportable offense, or that he would have taken his chances at trial. *Id.* at 6. Essentially, Ayesta claimed his counsel was ineffective under *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) for failing to advise him, a non-citizen defendant, of potential deportation consequences.

{¶21} In *Ayesta*, this court concluded that although the trial court correctly advised the defendant pursuant to R.C. 2943.031(A) that there "may" be immigration consequences associated with his plea, such advisement did not cure the prejudice associated with defense counsel's alleged failure to advise the defendant of the "mandatory" deportation consequences of his plea. Based on the allegations contained in Ayesta's motion to withdraw, the statements contained in his affidavit, and the plea transcript, this court found that Ayesta presented prima facie evidence of ineffective assistance of counsel, thus warranting a hearing on his motion to withdraw his plea. *Id.* at ¶ 20.

{¶22} This court reversed the trial court's decision and remanded the case, not because the trial court's advisement that there "may" be immigration consequences was defective or incomplete — but rather, because there was evidence to show that Ayesta's attorney did not actually explain those consequences to him prior to the plea hearing.

{¶23} The facts and procedural nature of *Ayesta* are clearly distinguishable from the facts in this case. Here, Vialva has not filed a motion to vacate his plea alleging that his counsel was ineffective for failing to advise him prior to the plea hearing of the deportation consequences. Moreover, the record is clear that Vialva's counsel discussed the consequences of the plea in terms of possible deportation prior to the plea hearing — counsel stated on the record that he "discussed with [Vialva] the consequences of the plea in terms of the possible deportation consequences." (Tr. 7.) Finally, Vialva has made

no allegation that had he known about the mandatory nature of deportation, he would not have pleaded guilty.

**{¶24}**   Accordingly, based on the record before this court, we find that the trial court properly complied with the statutory mandate, and that Vialva entered a knowing, voluntary, and intelligent plea after being advised of the possible deportation consequences.   Vialva's third assignment of error is overruled.

### III.   Effective Assistance of Counsel

**{¶25}** Vialva contends in his fourth assignment of error that he was not afforded effective assistance of counsel because his trial counsel failed to correct the trial court at his plea hearing when the court advised him that he "may" face deportation as a result of his guilty pleas that he was, in fact, facing mandatory deportation for the offenses involved.

**{¶26}** To establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance fell below an objective standard of reasonable representation, and (2) that he was prejudiced by that performance.   *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."   *Id*. at 694.

**{¶27}** The failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be followed." *Strickland* at *id.*

**{¶28}** In this case, Vialva does not assert that his counsel did not advise him of the deportation consequences prior to the plea hearing; rather, he contends that his counsel was ineffective for failing to correct the trial court when it gave the R.C. 2943.031(A) statutory advisement that Vialva "may" have deportation consequences. We have previously determined that the trial court's advisement was proper and did not result in a defective plea.

**{¶29}** Unlike in *Ayesta*, where the defendant moved to withdraw his plea and filed an affidavit stating that his counsel did not advise him of the mandatory nature of deportation, Vialva has not filed any affidavit and the record clearly reflects that counsel for Vialva "discussed with [Vialva] the consequences of the plea in terms of the possible deportation consequences." (Tr. 7.) Absent any showing or argument to the contrary, the record demonstrates that defense counsel discussed with Vialva the deportation consequences prior to the court's statutory advisement. What that discussion did or did not include is not in the record before this court.

{¶30} Even assuming that Vialva's trial counsel failed to inform him of any mandatory deportation consequences — thus, constituting possible deficient performance under *Ayesta* — to prevail on an effective assistance of counsel claim, Vialva needs to establish that he was materially prejudiced by such deficient performance. Vialva has not made any argument on appeal that he would not have pleaded guilty had he known he was subject to mandatory deportation. The record reflects that Vialva faced life in prison without parole for admittedly sexually abusing a minor child. This is not the case where the defendant denies the facts or claims actual innocence; Vialva admitted to the sexual abuse throughout the police investigation. The plea and agreed sentence afforded him the opportunity of parole after serving twenty years in prison. No prejudice has been shown.

{¶31} Accordingly, Vialva has failed to demonstrate that he was denied effective assistance of trial counsel. His final assignment of error is overruled.

{¶32} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
MARY J. BOYLE, J., CONCUR