[Cite as *State v. Norris*, **2019-Ohio-1488**.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                          Court of Appeals No. OT-18-019

    Appellee                                       Trial Court No. 17 CR 155

v.

Timothy Norris                                      **DECISION AND JUDGMENT**

    Appellant                                      Decided:   April 19, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Brad F. Hubbell, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Timothy Norris, appeals the judgment of the Wood County Court of Common Pleas, sentencing him to 17 months in prison after he pled guilty to one count of domestic violence.  Finding no error below, we affirm.

## A. Facts and Procedural Background

{¶ 2} On October 17, 2017, appellant was indicted on one count of domestic violence in violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree. The charge of domestic violence stemmed from a physical altercation between appellant and his ex-girlfriend that occurred on September 4, 2017.

{¶ 3} On October 20, 2017, appellant appeared for arraignment and entered a plea of not guilty. The matter then proceeded through discovery. On January 8, 2018, the trial court held a change of plea hearing at which appellant pled guilty to the charge of domestic violence. The trial court then engaged in a Crim.R. 11 colloquy, during which appellant provided the following explanation of the incident that gave rise to the domestic violence charge:

> [We] got in an argument. The side of her face wasn't where me and her got into it. I never hit her on that side of the face.
>
> I hit her and she hit me and I hit her. It wasn't that side of the face, or whatever.
>
> She told me to come back. The next thing I know she sent me a picture of her face on another side of her face or whatever saying – and then I asked her who did that side of her face or whatever? And her friend told her to block me on Facebook and then she unblocked me. And I don't know. It was all, they all like was on drugs that day, and all I did was come over there and try to ask about my daughter. It is a long story.

2.

**{¶ 4}** Thereafter, the trial court asked the state to recount the basis for the domestic violence charge. The state responded, in relevant part:

Defendant has been previously convicted of domestic violence out of the Ottawa County Municipal Court in 2014. The Case Number is CRB-1400232.

In this particular matter of the indictment, the Defendant went into the apartment of his ex-spouse and she had kicked him out. They separated earlier, a couple days earlier. There was an altercation. He did slap her face and he did leave the apartment.

And thereafter, she called law enforcement officers after the altercation and after he had left.

The law enforcement officers did take pictures of her face and you can see bruising on her left cheek, and this occurred at her residence on Buckeye Boulevard here in Port Clinton in Ottawa County.

**{¶ 5}** In response to the state's recitation of the facts, appellant clarified that he was never married to the victim and that he did not live with the victim. The following exchange then took place:

[THE STATE]: I did misspeak when I said ex-spouse. They had been living together in a boyfriend-girlfriend relationship. There is a child and the paternity is being established, but they were living together as a family unit and they had recently separated.

[THE COURT]: Do you agree with that?

3.

[APPELLANT]: I wasn't living there.  I live at 1200 West Fremont Road, but we was together and split up because I left her alone and then I came back over because she wanted me to come back over that and got in a little argument and I left her alone.

* * *

[THE COURT]: Well, do you acknowledge that you caused or attempted to cause physical harm to this woman?

[APPELLANT]: Yes.

{¶ 6} Following the Crim.R. 11 colloquy, the trial court accepted appellant's plea, and found him guilty of domestic violence.  The trial court then continued the matter for sentencing and ordered the preparation of a presentence investigation report.

{¶ 7} On March 15, 2018, appellant appeared before the trial court for sentencing. Upon review of the presentence investigation report, the trial court ordered appellant to serve 17 months in prison.  It is from this order that appellant has timely appealed.

## B.  Assignment of Error

{¶ 8} In his brief, appellate counsel asserts the following "issue presented for review," which we will construe as an assignment of error:

Did the Court err when it found Mr. Norris II guilty of Domestic Violence, a felony of the Fourth Degree in violation of O.R.C. § 2919.25(A)(D)(3), because the Court failed to establish a factual basis to support conviction of the charged offense?

## II. Analysis

{¶ 9} In his sole assignment of error, appellant argues that the trial court erred in finding him guilty without a sufficient factual basis to support the charge of domestic violence. In particular, appellant urges that there was no evidence to demonstrate that he and the victim were "family or household member[s]" as necessary to establish domestic violence under R.C. 2919.25(A). The state counters that the trial court was not required to ascertain the factual basis for the plea, because appellant admitted his guilt by pleading guilty.

{¶ 10} Relevant here, we have held that a "guilty plea itself provides the necessary proof of the elements of the crime, thus relieving the trial court of the obligation to determine whether a factual basis exists to support the plea." *State v. Duhart*, 6th Dist. Lucas No. L-16-1283, 2017-Ohio-7983, ¶ 9, citing *State v. Fuller*, 12th Dist. Butler No. CA2008-09-240, 2009-Ohio-5068, ¶ 105-106; *see also State v. Rothenbuhler*, 6th Dist. Williams No. WM-15-008, 2016-Ohio-2869, ¶ 6 ("A trial court is not required pursuant to Crim.R. 11(C) to set forth any factual basis for a guilty plea during a plea hearing."); *State v. Jones*, 6th Dist. Ottawa No. OT-14-042, 2015-Ohio-4209, ¶ 10 (finding that "a valid guilty plea waives a defendant's right to challenge his conviction on the grounds of insufficiency of the evidence").

{¶ 11} Appellant pled guilty in this case. Appellant does not challenge the adequacy of the Crim.R. 11 colloquy, or claim that his guilty plea was not knowingly, intelligently, and voluntarily entered. Rather, appellant merely asserts that the trial court lacked a sufficient factual basis to justify its acceptance of his guilty plea. As noted

5.

above, a guilty plea waives the right to challenge the sufficiency of the evidence.  Thus, the trial court was not required to determine whether a factual basis supported appellant's plea.  Consequently, appellant's argument is without merit, and his sole assignment of error is not well-taken.

### III.  Conclusion

{¶ 12} In light of the foregoing, the judgment of the Ottawa County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                     JUDGE
Arlene Singer, J.       

Gene A. Zmuda, J.      _____
CONCUR.                JUDGE

_____
                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.