[Cite as *State v. Woodworth*, 2024-Ohio-2756.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-23-014

    Appellee                                Trial Court No. 2021CR0597

v.

Todd Jacob Woodworth                    **<u>DECISION AND JUDGMENT</u>**

    Appellant                              Decided:   July 19, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss and Peter F. Field, for appellant.

* * * * *

**ZMUDA, J.**

**{¶ 1}** Defendant-appellant, Todd J. Woodworth, appeals the March 17, 2023 judgment of the Wood County Court of Common Pleas, convicting him of aggravated assault.  For the following reasons, we affirm the trial court judgment.

**I.  Background**

**{¶ 2}** On December 16, 2021, Todd Woodworth was indicted on one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4) and (C)(2), a third-degree felony.  After the trial court found the alleged child-victim competent to testify, the State

and Woodworth reached an agreement that Woodworth would enter a plea of guilty to the amended charge of aggravated assault, a violation of R.C. 2903.12(A)(1) and (B), a fourth-degree felony. As part of the written plea agreement, the State agreed to recommend that the court impose a sentence of community control, Woodworth agreed to waive any defect relating to the amendment of the charge, and the parties stipulated that there is a factual basis to support a finding of guilt as to the amended charge.

{¶ 3} At a hearing conducted on January 31, 2023, counsel for the State advised the court of the terms of the plea agreement, including the agreement to stipulate that a factual basis exists to support a finding of guilt as to the amended charge. Defense counsel confirmed that he agreed with the information supplied by the State's attorney and represented that he believed that his client was entering the plea knowingly and voluntarily.

{¶ 4} The trial court personally addressed Woodworth. Woodworth confirmed that (1) he signed and initialed the written plea agreement; (2) he read the plea agreement completely with his attorney present, any questions he had were answered, and he had no further questions about the document; (3) he understood and agreed with the contents of the document; (4) he understood the possible penalties that could be imposed; (5) no one threatened him or made any promises to induce him to enter the plea; (6) he was satisfied with the advice of his attorney; and (7) he understood that his attorney and counsel for the State agreed that there were facts sufficient to find him guilty of the amended charge and this was acceptable to him. The court also advised Woodworth of the constitutional rights he was waiving, including the right to a jury or bench trial; the right to have the

2.

State prove every element of the offense beyond a reasonable doubt; the right to confront, cross-examine, call, and subpoena witnesses; and the right to testify or to not testify.

{¶ 5} The court accepted Woodworth's plea, made a finding of guilt, ordered a presentence investigation report, and continued the matter for sentencing. On March 14, 2023, the trial court sentenced Woodworth to a prison term of 17 months. Woodworth's sentence and conviction were memorialized in a judgment journalized on March 17, 2023.

{¶ 6} Woodworth appealed. He assigns the following errors for our review.

THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND APPELLANT GUILTY WITHOUT A FACTUAL BASIS TO SUPPORT THE CHARGE OF AGGRAVATED ASSAULT.

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THE ALLEGED VICTIM COMPETENT TO TESTIFY AT APPELLANT'S TRIAL.

## II. Law and Analysis

{¶ 7} Woodworth's assignments of error challenge (1) the trial court's finding of guilt, and (2) its determination that the victim was competent to testify. We address each of his assignments in turn.

## A. The Trial Court's Finding of Guilt

{¶ 8} In his first assignment of error, Woodworth argues that the trial court erred in finding him guilty of aggravated assault without a factual basis to support the charge. He acknowledges telling the court that he understood that his attorney and counsel for the

3.

State stipulated that the facts were sufficient to support a conviction for aggravated assault, but he argues that the State could not provide any facts to support the amended charge of aggravated assault because no such facts existed. He also acknowledges that the trial court was not required to explain to him the elements of the offense, but he insists that his plea could not have been entered knowingly, intelligently, or voluntarily because he did not know the elements of aggravated assault. He asks that we vacate his sentence and release him from custody.

{¶ 9} A "plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). "[A] 'guilty plea itself provides the necessary proof of the elements of the crime, thus relieving the trial court of the obligation to determine whether a factual basis exists to support the plea.'" *State v. Norris*, 2019-Ohio-1488, ¶ 10-11 (6th Dist.), quoting *State v. Duhart*, 2017-Ohio-7983, ¶ 9 (6th Dist.). It also precludes the defendant from challenging the sufficiency of the evidence. *Id. See also State v. Ellis*, 2016-Ohio-8086, ¶ 26 (6th Dist.) (explaining that plea agreement precluded appellant from challenging her conviction for lack of a factual basis to support charge and finding that guilty plea was complete admission of guilt).

{¶ 10} Here, Woodworth signed a written plea of guilty, explicitly acknowledging "that there is a factual basis to support a finding of guilty for Amended Count One," aggravated assault. Woodworth's attorney stipulated that a factual basis existed, and Woodworth confirmed his understanding of this stipulation and told the court that this was acceptable to him. As such, his plea of guilty was a complete admission to the

4.

offense, and he is precluded from challenging the court's finding of guilt or arguing that the facts do not support a finding of guilt.

{¶ 11} While Woodworth's assignment of error specifically challenges only the court's finding of guilt, he also argues that his plea could not have been entered knowingly, intelligently, or voluntarily because he did not know the elements of the offense to which he pled. He insists that his protestations of innocence demonstrate that he did not understand the elements of the offense.

{¶ 12} "A defendant's plea must be entered knowingly, intelligently, and voluntarily in order for the plea to be constitutional under the United States and Ohio Constitutions." *State v. Montgomery*, 2020-Ohio-5552, ¶ 10 (6th Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "To ensure the finality of a proper guilty plea, Crim.R. 11(C) provides a framework for informing a defendant of his or her constitutional rights." *State v. Deselms,* 2022-Ohio-3769, ¶ 11 (6th Dist.), citing *State v. Ballard,* 66 Ohio St.2d 473, 479 (1981). Under Crim.R. 11(C)(2), in felony cases, "the court may refuse to accept a plea of guilty . . ., and shall not accept a plea of guilty . . . without first addressing the defendant personally . . . and doing all of the following":

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

5.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself

The underlying purpose of Crim.R. 11(C) is to convey certain information to allow the defendant to make a voluntary and intelligent decision whether to plead guilty. *Deselms* at ¶ 11, citing *Ballard* at 479-480.

{¶ 13} Here, Woodworth does not raise any error as to the trial court's explanation of his constitutional rights under Crim.R. 11(C)(2)(c). Rather, he argues, in essence, that his plea was involuntary because he did not understand the nature of the charges to which he was entering a plea.

{¶ 14} Crim.R. 11(C) does not require the trial court to explain the elements of the offense before accepting a plea. In fact, the Supreme Court of Ohio has observed that trial courts need not engage in a detailed recitation of the elements of a charge before accepting a plea. *State v. Fitzpatrick*, 2004-Ohio-3167, ¶ 57. *See also Duhart,* 2017-Ohio-7983, ¶ 10 (6th Dist.) ("[T]he trial court was not obligated to recite the elements or explain the facts supporting each offense in order to render [defendant's] plea 'knowing'

6.

and 'voluntary.'"); *State v. Vialva*, 2017-Ohio-1279, ¶ 9 (8th Dist.) ("[C]ourts are not required to explain the elements of each offense * * *."); *State v. Giovanni*, 2009-Ohio-3333, ¶ 19 (7th Dist.) ("[T]he trial court has no obligation to explain the elements of the charge.").

{¶ 15} Woodworth confirmed for the court that any questions he had about the plea agreement were fully and completely answered by his attorney, that he had no questions about the plea agreement, and that he read, understood, and agreed with what was contained in the plea agreement. The code section of the offense was listed in the written plea agreement and recited by the court at the hearing. Woodworth did not indicate that he did not understand the elements of the offense and he expressly represented to the court that he understood the contents of the plea agreement and had no questions. We find no basis for concluding that Woodworth's plea was not entered knowingly, intelligently, and voluntarily.

{¶ 16} Woodworth also maintains that he asserted his innocence, suggesting that this further evidences his lack of understanding of the offense and that the trial court should not have accepted his plea or made a finding of guilt. He purports to cite the transcript of the plea hearing as containing the following protestations of innocence: "Like I said, I mean, you know, nothing ever happened what they were trying to say that happened," and "I mean the gist [o]f it, yes. I do think that I didn't do anything . . . ." In fact, these statements were made at the *sentencing* hearing, *after* he entered his plea, the court accepted it, and the court found him guilty. Significantly, Woodworth never sought to withdraw his plea.

7.

{¶ 17} Ohio courts have recognized that a trial court is not required to measure a claim of innocence against a willingness to waive trial—as may be required in accepting a plea under *North Carolina v. Alford*—where protestations of innocence occur *after* the court has accepted a plea and the defendant has not sought to withdraw his plea. *State v. Alvelo*, 2017-Ohio-742, ¶ 22-27 (8th Dist.) (finding that court had no duty to inquire into defendant's reason for pleading guilty where protestations of innocence occurred at sentencing and defendant did not move to withdraw his guilty plea); *State v. Bartley*, 2001 WL 604219, *5 (10th Dist. Jun. 5, 2001) (noting that it was only at sentencing that defendant denied the requisite mental state for the offense, and commenting that he did not ask to withdraw his guilty plea); *State v. Millhouse*, 2002-Ohio-2255, ¶ 17 (8th Dist. ) (observing that defendant never expressed desire to withdraw guilty pleas even though at sentencing, he denied facts supporting conviction). Woodworth made no protestations of innocence at the plea hearing that may have warranted additional scrutiny by the trial court.

{¶ 18} Accordingly, because (1) Woodworth's guilty plea precludes his challenge to the factual basis for his conviction, (2) the court had no obligation to recite the elements of the offense and it did, in fact, ensure that Woodworth understood the nature of the offense and effect of his plea, and (3) Woodworth did not assert his innocence at the plea hearing, the trial court did not err in finding him guilty of aggravated assault. We find Woodworth's first assignment of error not well-taken.

8.

## B. Competence Ruling

{¶ 19} In his second assignment of error, Woodworth argues that the trial court abused its discretion when it found that the victim, who was 11 years old at the time she was interviewed by the trial judge, was competent to testify at trial. He maintains that the trial court failed to consider all required factors in determining competency and incorrectly concluded that the victim was competent to testify.

{¶ 20} A defendant cannot contest a pretrial evidentiary ruling after entering a guilty plea. *State v. Jensen,* 2020-Ohio-1411, ¶ 33 (5th Dist.). More specific to Woodworth's claim here, a guilty plea waives non-jurisdictional defects, including "any alleged error in the trial court's ruling on witness competency." *Id. See also State v. Martin*, 2020-Ohio-3216, ¶ 2 (4th Dist.) ("[Defendant's] voluntary, knowing, and intelligent guilty plea waives his right to challenge the trial court's competency determination concerning the child witness."); *State v. Suggett*, 2021-Ohio-4641, ¶ 13 (7th Dist.) ("[A]ppellant waived the right to challenge the trial court's competency ruling by entering her guilty plea."). Because Woodworth entered a guilty plea, he waived his right to challenge the trial court's determination of the victim's competence to testify.

{¶ 21} We find Woodworth's second assignment of error not well-taken.

## III. Conclusion

{¶ 22} Woodworth's plea of guilty to the amended charge of aggravated assault precludes him from challenging his conviction based on a lack of factual basis to support the charge. Additionally, the trial court engaged in a colloquy with Woodworth where Woodworth confirmed that he read, understood, and agreed with what was contained in

9.

the plea agreement and had no additional questions. The trial court's failure to advise him of the elements of the offense did not render his plea unknowing, unintelligent, or involuntary. We find Woodworth's first assignment of error not well-taken.

{¶ 23} By entering a plea of guilty, Woodworth waived his right to challenge the trial court's determination that the victim was competent to testify. We find Woodworth's second assignment of error not well-taken.

{¶ 24} We affirm the March 17, 2023 judgment of the Wood County Court of Common Pleas. Woodworth is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.                                           _____

                                                                 JUDGE

Myron C. Duhart, J.

Charles E. Sulek, P.J.                        _____
CONCUR.                                                    JUDGE

                                                                 _____

                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.